**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ABDELRAHMAN ELMELIGY, individually and on
behalf of all others similarly situated,

                    Plaintiff,

       -against-

YOLO OUTLET CORP. d/b/a YOLO SMOKE SHOP
d/b/a YOLO SMOKE CITY, JOHN DOE
CORPORATIONS 1-30, ISMAIL SALEH,
individually, YASER HUMAIDI, individually,
NADER ALBAHRI, individually, OMER ALBAHRI,
individually, and ABDELRAHMAN EL SAIDEI
individually,

                    Defendants.
-------------------------------------------------------------------X

                    **Civ. Action No.:**

## CLASS AND COLLECTIVE ACTION COMPLAINT

      ABDELRAHMAN ELMELIGY ("Plaintiff"), on behalf of himself and all others similarly-situated (collectively as "FLSA Plaintiffs and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BOOK LAW, LLP, as and for his Complaint against YOLO OUTLET CORP. d/b/a YOLO SMOKE SHOP d/b/a YOLO SMOKE CITY, JOHN DOE CORPORATIONS 1-10, ISMAIL SALEH, individually, YASER HUMAIDI, individually, NADER ALBAHRI, individually, OMER ALBAHRI, individually, and ABDELRAHMAN EL SAIDEI, individually (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

      1.    This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (ii) the overtime provisions of the

New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations, Part 142 ("Regulations"); (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice upon hire containing specific categories of accurate information, NYLL § 195(1); (v) the national origin discrimination provisions of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000-e *et seq.*; (vii) the national origin discrimination provisions of the New York State Executive Law § 296 *et seq.* ("NYSHRL"); (viii) the national origin discrimination provisions of Title 8 of the New York City Administrative Code ("NYCAC"); and (ix) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e *et seq* ("Title VII"). The FLSA claims are brought as a collective action pursuant to 29 U.S.C. § 216(b).

3.      The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law. The Court has supplemental jurisdiction over Plaintiff's state law claims, including those brought under the NYLL, NYCRR, NYSHRL, and NYCAC, because they are so related to the FLSA and Title VII claims that they form part of the same case or controversy. This action is brought as a state-law class action under the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3).

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

5.      Plaintiff is an adult male who is currently a resident of New York County, New York.

6.      At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

7.      Upon information and belief, Defendants maintains over thirty (30) smoke shop stores throughout New York State.

8.      At all relevant times herein, Yolo Outlet Corp., d/b/a Yolo Smoke Shop d/b/a Yolo Smoke City ("Yolo Smoke Shop") was and is a New York corporation with its principal place of business located at 1212 Lexington Avenue, New York, New York 10028.

9.      At all times hereinafter mentioned, JOHN DOE CORPORATIONS 1-30 are fictitious names representing presently unidentified business entities, whose true identities are known to the named Defendants.

10.      At all relevant times herein, Defendants JOHN DOE CORPORATION 1 is a fictitious name representing a presently unidentified entity believed to be Roses' II Convenience Store, with its principal place of business located at 104 Fulton Street, New York, New York 10038, whose true identity is known to the named Defendants.

11.      Plaintiff intends to name each John Doe entity after learning their true identities. All John Doe entities named herein acted as employers and/or joint employers of Plaintiff. Plaintiff

reserves all rights to amend this Complaint to include the true names and capacities of the John Doe entities as soon as such information becomes known to Plaintiff.

12.    Upon information and belief, Defendants employed Plaintiff and all other similarly situated employees as retail clerks at all times relevant to this action. Defendants had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein. Defendants had and continue to have substantial control over all other similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

13.    Upon information and belief, at all relevant times, Defendants maintained control, oversight, and direction over Plaintiff and all other similarly situated employees, including timekeeping, payroll, and other employment practices applied to them.

14.    Defendants are covered employers within the meaning of the FLSA and NYLL, and, at all relevant times, employed Plaintiff and all other similarly situated employees.

## FACTS

15.    From on or about August 5, 2022 to on or about June 19, 2023, Plaintiff was employed as a retail clerk for the benefit of and at the direction of Defendants.

16.    As a retail clerk for Defendant, Plaintiff's primary job duties included checking and restocking inventory, assisting customers, selling products, and operating the cash register.

17.    Throughout Plaintiff's employment with Defendants, Defendants required him to routinely work seven (7) days per week.

18.    Plaintiff was employed by Defendants at the Yolo Smoke Shop from August 2022 until in or about April 2023.

19.     From August 4, 2022 through December 2022, Plaintiff typically worked from store open to store close, from about 10:00 a.m. until about 10:00 p.m., for a total of approximately eighty-four (84) hours.

20.     Beginning in January 2023 through April 2023, Plaintiff typically worked the following schedule: Monday through Friday, from 10:00 a.m. until about 10:00 p.m.; Saturday and Sunday, from 7:00 a.m. until about 12:00 a.m., for a total of approximately ninety-four (94) hours.

21.     In or about April 2023, Plaintiff's employment at Yolo Smoke Shop was terminated purportedly because the business was sold to another individual.

22.     Thereafter, Plaintiff was transferred to Rose's II Convenience Store located at 104 Fulton Avenue, New York, New York 10038.

23.     Plaintiff was employed by Defendants at Rose's II Convenience Store from May 2023 through the end of his employment, on June 19, 2023.

24.     During this time period, Plaintiff typically worked from store open to store close, from about 10:00 a.m. until about 10:00 p.m., for a total of approximately eighty-four (84) hours, with the exception of the last week of his employment during which he worked ninety-nine (99) hours.

25.     Throughout his employment with Defendants, Plaintiff was not given uninterrupted meal and rest breaks during his shifts.

26.     Throughout Plaintiff's employment, Defendants did not require Plaintiff to clock in or out of his shifts each day.

27.     Throughout his employment, Defendants paid Plaintiff a flat weekly rate.

28.     Throughout his employment, Plaintiff was paid $1,300.00 per week in cash, with the exception of two (2) weeks during which he worked significantly more hours, namely the week of December 18, 2022 and the last week of his employment.

29.     For these two (2) weeks, he was paid $1,500.00 and $1,650.00, respectively.

30.     Throughout his employment, Defendants did not pay Plaintiff overtime compensation for any hour that he worked in excess of forty (40) each week.

31.     Throughout his employment, Plaintiff was not paid at a rate of one and one-half times his regular rate for any hours that he worked in excess of forty (40) hours each week.

32.     Throughout Plaintiff's employment, Defendants did not provide Plaintiff with complete and accurate paystubs along with his weekly paycheck, as required by NYLL § 195(3).

33.     Throughout Plaintiff's employment, Defendants failed to provide Plaintiff with a notice and acknowledgment of payrate and pay day upon his hire or at any other time thereafter, as required by NYLL § 195(1).

34.     At all times relevant to this lawsuit, Defendants have employed at least forty (40) other retail clerks.

35.     Defendants subjected, and continue to subject, all retail clerks to the same illegal practices and policies as Plaintiff herein.

36.     During his employment, Plaintiff and other retail clerks were not exempt from the overtime provisions of the FLSA or the NYLL.

37.     Defendants managed Plaintiff and other retail clerks' employment, including the amount of overtime worked.

38.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

39.     Defendants were aware of Plaintiff and other retail clerks' work hours but failed to pay them the full amount of wages to which they were entitled for this work time under the law.

40.     Defendants' failure to pay proper wages in a timely manner were made and continue to be made without good faith, willfully, and with a reckless disregard for Plaintiff and other retail clerks' rights, and Plaintiff and other retail clerks have been damaged by such failures.

41.     Throughout Plaintiff's employment at the Yolo Smoke Shop, individual Defendants, who were Yemenites, repeatedly made derogatory comments to Plaintiff because of his Egyptian origin. For example, when business was slow on any given day, individual Defendants would blame Plaintiff, stating that a Yemenite could make more money than he did.

42.     When Defendants terminated employment at the Yolo Smoke Shop location, they replaced him with a Yemenite retail clerk.

43.     On June 19, 2023 while working at the store located at 104 Fulton Avenue, Individual Defendants Omer Albahri and Nader Albahri terminated Plaintiff's employment and stated: "We don't need any more Egyptians working here. We already replaced you."

44.     Plaintiff, again, was replaced by a Yemenite retail worker.

45.     That same day, Defendants fired two (2) other Egyptian retail clerks who were employment by smoke shops owned by Defendants.

46.     As a result of Defendants' discriminatory termination, Plaintiff suffers economic and emotional distress.

47.     As Defendants' conduct has been malicious, reckless, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against the individual Defendants.

## **GENERAL ALLEGATIONS**

48.    Plaintiff, individually and on behalf of all similarly situated current and former retail clerks employed by Defendants, including its subsidiaries and affiliated companies, brings this action as a collective action under the FLSA and a class action under Title VII and New York laws to recover, *inter alia*, unpaid overtime compensation owed to Plaintiff and all other similarly situated employees.

49.    Defendants' failure to pay Plaintiff and all other similarly situated employees overtime compensation when these employees worked in excess of forty (40) hours per week is a violation of the FLSA and the NYLL.

50.    As a result of these unlawful practices, Plaintiff and the similarly situated employees suffered a loss of wages.

51.    Furthermore, Plaintiff brings this action as a class action under the NYSHRL and NYCAC to recover damages resulting from Defendants' unlawful termination of Plaintiff's employment, including compensatory damages, punitive damages, backpay, front pay, interest, and another lost employment and pension benefits.

52.    Defendants' unlawful termination of Plaintiff and all other similarly situated employees is a violation of the NYSHRL and NYCAC.

## **COLLECTIVE ACTION ALLEGATIONS**

53.    Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former retail clerks who during the applicable FLSA limitations period, performed any work for Defendants and who consent to file a claim to recover

damages for minimum wage and overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

54.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Facts" section above; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty (40) hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty (40).

55.    At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty (40), yet they purposefully and willfully chose and choose not to do so.

56.    Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty (40), in violation of the FLSA.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 ET. SEQ.**
**FAILURE TO COMPENSATE FOR OVERTIME**

57.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

59.    Plaintiff and other similarly situated employees were and are entitled to overtime pay as required by the FLSA because they were and continue to be employed by an enterprise engaged in commerce.

60.    Defendants were and are subject to the overtime pay requirements of the FLSA because, upon information and belief, the gross annual volume of sales made or business done by Defendants for the years 2022 and 2023 was not less than $500,00.00.

61.    Additionally, Plaintiff and other similarly situated employees are individuals engaged in commerce within the meaning of the FLSA, as, in the course of their business, they handle tobacco, CBD, cannabis products, and smoking accessories, which originate in states other than New York.

62.    At all times relevant to this action, Plaintiff and other similarly situated employees were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et. seq*.

63.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

64.    By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff and other similarly situated employees overtime compensation as required by the FLSA.

65.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

66.    However, none of the Section 13 exemptions apply to Plaintiff or other similarly situated employees because they have not met the requirements for coverage under the exemptions.

67.    Defendants acted willfully and have either known that their conduct violated the FLSA or has shown a reckless disregard for the matter of whether their conduct violated the FLSA.

68.     Defendants have not acted in good faith with respect to the conduct alleged herein.

69.     As a result of Defendants' violations of the FLSA, Plaintiff and other similarly situated employees have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ALLEGATIONS

70.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself, as well as on behalf of all those who are similarly-situated that Defendants subjected to violations of the NYLL, NYCRR, NYSHRL, and NYCAC during the applicable statutory period.

71.     Fed. R. Civ. P. 23(b)(3), provides that a cause of action may be maintained as a class action if the following elements are met:

     a.   The class is so numerous that joinder is impracticable;

     b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

     c.   Claims or defenses of the representative are typical of the class;

     d.   The representative will fairly and adequately protect the class; and

     e.   A class action is superior to other methods of adjudication.

### Class Definition

72.     Plaintiff seeks certification of the following Fed. R. Civ. P. 23 class:

Current and former retail clerks who, during the applicable NYLL limitations period, performed any work for any of the Defendants, or any of their successors-in-interest, in New York ("Rule 23 Plaintiffs").

### Numerosity

73.     Plaintiff satisfies the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

74.    The proposed class can be identified and located using the Defendants' payroll and personnel records. Class members may be informed of the pendency of this action by direct mails and/or published and broadcast notice.

### Common Questions of Law and/or Fact

75.    There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the Fed. R. Civ. P. 23 class, including but not limited to the following:

(a)    the duties that Defendants required and require each Rule 23 Plaintiff to perform;

(b)    whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty (40) hours per week;

(c)    whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty (40);

(d)    whether Defendants; failure to pay overtime compensation has been willful;

(e)    whether Plaintiff and each Rule 23 Plaintiff have qualified for exempt status;

(f)    whether Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3);

(g)    whether Defendants furnished and furnish Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1);

(h)    whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked;

(i)    whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs;

(j)    whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims;

> (k)    whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and if so, what constitutes the proper measure of damages.

76.    The questions set forth above predominate over any questions affecting only individual persons. With respect to considerations of consistency, economy, efficiency, fairness, and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

77.    Plaintiff's claims are typical of the claims of the class members. As a result of Defendants' unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the respective class he seeks to represent.

## Adequacy

78.    Plaintiff is an adequate representative of the class he seeks to represent because he is a member of such class, and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

## Superiority

79.    A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

80.     Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individuals claims.

81.     The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19**
**FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW**

82.     Plaintiff reasserts and realleges the allegation set forth each of the above paragraphs as though fully set forth herein.

83.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

84.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R § 142-2.2.

85.     As described above, Plaintiff and any Rule 23 Plaintiff who opts into this action, worked in excess of forty (40) hours in a workweek; yet, Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

86.     Plaintiff and the Rule 23 Plaintiffs are not exempt from the overtime provisions of the New York Labor Articles because they have not met the requirements for any of the exemptions available under New York law.

87.     Plaintiff and any Rule 23 Plaintiff who opts into this action, are entitled to their overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective regular rates of pay.

88.     Plaintiff and any Rule 23 Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**COUNT III**
**VIOLATION OF NEW YORK LABOR LAW SECTION 195(3)**
**FAILURE TO PROVIDE COMPLETE WRTITTEN STATEMENTS CONCURRENT WITH THE PAYMENT OF WAGES**

89.     Plaintiff reasserts and realleges the allegation set forth each of the above paragraphs as though fully set forth herein.

90.     Defendants willfully failed to provide Plaintiff and the Rule 23 Plaintiffs with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours and the number of overtime hours worked.

91.     Through its knowing and intentional failure to provide Plaintiff and the Rule 23 Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

92.     As a result of Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT IV
## VIOLATION OF NEW YORK LABOR LAW SECTION 195(1)
## FAILURE TO PROVIDE A PROPER WAGE NOTICE

93.     Plaintiff reasserts and realleges the allegation set forth each of the above paragraphs as though fully set forth herein.

94.     Defendants willfully failed to furnish Plaintiff and the Rule 23 Plaintiffs with a wage notice at the time of hire containing accurate, as required by NYLL § 195(1), in English or in the language identified by Plaintiff and Rule 23 Plaintiffs as their primary language, which was to contain, among other things, that rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing  address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

95.     Through their knowing and intentional failure to provide Plaintiff and the Rule 23 Plaintiffs with a wage notice, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

96.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL §198(1-b).

## COUNT V
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## As Against Corporate Defendants

97.     Plaintiff reasserts and realleges the allegation set forth each of the above paragraphs as though fully set forth herein.

98.    Corporate Defendants discriminated against Plaintiff and the Rule 23 Plaintiffs in the terms, conditions, and privileges of their employment by firing them on account of their Egyptian national origin.

99.    Plaintiff and the Rule 23 Plaintiffs suffered an adverse employment action as their employment was terminated by Defendants Nader Albahri and Omer Albahri.

100.    By their actions and conduct, as set forth herein, these Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e.

101.    As a result of these Defendants' violation of Title VII, Plaintiff and the Rule 23 Plaintiffs have sustained lost wages, salary, and employment benefits.

102.    Plaintiff and Rule 23 Plaintiffs are entitled to compensatory damages, interest, punitive damages, costs, and attorney's fees.

**COUNT VI**
**VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW**
**ARTICLE 15 – DISCRIMINATION**
<u>**As Against Corporate Defendants**</u>

103.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

104.    Section 296 of the NYSHRL states, in pertinent part, that it is an unlawful discriminatory practice "For an employer … because of an individual's…national origin…to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." NYSHRL § 296(1)(a).

105.    As alleged herein, Defendants are covered employers as the term "employer" is defined by the NYSHRL because, during the relevant period of time, it employed four (4) or more employees in the City of New York. NYSHRL § 292(5).

106.    By the above-alleged conduct, Defendants terminated Plaintiff and Rule 23 Plaintiffs' employment, at least in part, because of their national origin.

107.    By the above-alleged conduct, Defendants unlawfully discriminated against Plaintiff and Rule 23 Plaintiffs by discharging them from their employment on the basis of their national origin.

108.    Defendants acted willfully and either knew that its conduct violated the NYSHRL or showed a reckless disregard for whether its conduct violated the NYSHRL.

109.    Defendants have not acted in good faith with respect to the conduct alleged herein.

110.    As a result of Defendants' violations of the NYSHRL, Plaintiff and Rule 23 Plaintiffs have incurred and will continue to incur harm and loss in an amount to be determined at trial and is entitled to recover from Defendants lost wages, lost employment benefits, lost pension benefits, interest at the prevailing rate, punitive damages, reasonable attorneys' fees, and costs incurred in prosecuting this action. NYSHRL § 297(9).

**COUNT VII**
**VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW**
**ARTICLE 15 – AIDING AND ABETTING**
**As Against Defendants Nader and Omer Albahri**

111.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

112.    Section 296 of the NYSHRL states, in pertinent part, that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." NYSHRL § 296(6).

113.    Section 296 of the NYSHRL states, in pertinent part, that it is an unlawful discriminatory practice "For an employer … because of an individual's…national origin… to

discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." NYSHRL § 296(1)(a).

114.    By the above-alleged conduct, Corporate Defendants terminated Plaintiff and the Rule 23 Plaintiff's employment, at least in part, because of their national origin,

115.    By the above-alleged conduct Corporate Defendants unlawfully discriminated against Plaintiff and the Rule 23 Plaintiffs by discharging them from their employment on the basis of their national origin.

116.    By the above-alleged conduct, Defendants Nader Albahri and Omer Albahri terminated Plaintiff and Rule 23 Plaintiff's employment.

117.    By the above-alleged conduct, Defendants Nader Albahri and Omer Albahri violated NYSHRL 296(6) by aiding and abetting the discriminatory termination of Plaintiff and Rule 23 Plaintiffs on the basis of their national origin.

118.    Defendants Nader Albahri and Omer Albahri acted willfully and either knew that their conduct violated the NYSHRL or showed a reckless disregard for whether their conduct violated the NYSHRL.

119.    Defendants Nader Albahri and Omer Albahri have not acted in good faith with respect to the conduct alleged herein.

120.    As a result of Defendants Nader Albahri and Omer Albahri's violations of the NYSHRL, Plaintiff and Rule 23 Plaintiffs have incurred and will continue to incur harm and loss in an amount to be determined at trial and is entitled to recover from Defendants lost wages, lost employment benefits, lost pension benefits, interest at the prevailing rate, punitive damages, reasonable attorneys' fees, and costs incurred in prosecuting this action. NYSHRL § 297(9).

## COUNT VIII
## VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE
## TITLE 8 – DISCRIMINATION
## <u>As Against Corporate Defendants</u>

121.    Plaintiff reasserts and realleges the allegation set forth in each of the above paragraphs as though fully set forth herein.

122.    Section 8-107 of the NYCAC states, in pertinent part, that it is an unlawful discriminatory practice for an employer to refuse to employ or to discharge from employment any person on the basis of that person's actual or perceived age. NYCAC § 8-107(a)(2).

123.    As alleged herein, Defendants are covered employers as the term "employer" is defined by the NYCAC because, during the relevant period of time, it employed four or more employees in the City of New York. NYCAC § 8-102.

124.    By the above-alleged conduct, Defendants terminated Plaintiff and Rule 23 Plaintiffs' employment, at least in part, because of their national origin.

125.    By the above-alleged conduct, Defendants unlawfully discriminated against Plaintiff and Rule 23 Plaintiffs by discharging them from their employment on the basis of their national origin.

126.    Defendants acted willfully and either knew that its conduct violated the NYCAC or showed a reckless disregard for whether its conduct violated the NYCAC.

127.    Defendants have not acted in good faith with respect to the conduct alleged herein.

128.    As a result of Defendants' violations of the NYCAC, Plaintiff and Rule 23 Plaintiffs have incurred and will continue to incur harm and loss in an amount to be determined at trial and is entitled to recover from Defendants lost wages, lost employment benefits, lost pension benefits, interest at the prevailing rate, punitive damages, reasonable attorneys' fees, and costs incurred in prosecuting this action. NYCAC § 8-502.

**COUNT IX**
**VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE**
**TITLE 8 – EMPLOYER LIABILITY**
<u>**As Against Corporate Defendants**</u>

129.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

130.    Section 8-107 of the NYCAC states, in pertinent part, that "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section[,]" including under subdivisions one and two of this section if "[t]he employee or agent exercised managerial or supervisory responsibility[.]" NYCAC § 8-107(13)(a) - (b)(1).

131.    Section 8-107 of the NYCAC states, in pertinent part, that it is an unlawful discriminatory practice for an employer to refuse to employ or to discharge from employment any person on the basis of that person's national origin. NYCAC § 8-107(1).

132.    By the above-alleged conduct, Defendants Nader Albahri and Omer Albahri terminated Plaintiff and Rule 23 Plaintiffs' employment, at least in part, on the basis of their national origin.

133.    By the above-alleged conduct, Defendants Nader Albahri and Omer Albahri unlawfully discriminated against Plaintiff and Rule 23 Plaintiffs by discharging them from their employment on the basis of their national origin.

134.    As alleged herein, Defendants Nader Albahri and Omer Albahri were employees of Corporate Defendants and acted in supervisory and/or managerial role to Plaintiff and the Rule 23 Plaintiffs.

135.    By the above-alleged conduct, Corporate Defendants are liable for the discriminatory actions taken by Defendants Nader Albahri and Omer Albahri in relation to Plaintiff and the Rule 23 Plaintiffs and their unlawful termination based upon their national origin.

136.    Defendants have acted willfully and either knew that their conduct violated the NYCAC or have shown a reckless disregard for the matter of whether their conduct violated the NYCAC.

137.    Defendants have not acted in good faith with respect to the conduct alleged herein.

138.    As a result of Defendants' violations of the NYCAC, Plaintiff and Rule 23 Plaintiffs have incurred and will continue to incur harm and loss in an amount to be determined at trial and is entitled to recover from Defendants lost wages, lost employment benefits, lost pension benefits, interest at the prevailing rate, punitive damages, reasonable attorneys' fees, and costs incurred in prosecuting this action. NYCAC § 8-502.

**COUNT X**
**VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE**
**TITLE 8 – AIDING AND ABETTING**
**As Against Defendants Nader and Omer Albahri**

139.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

140.    Section 8-107 of the NYCAC states, in pertinent part, that "it shall be an unlawful discriminatory practice for any person to aid, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so." NYCAC § 8-107(6).

141.    Section 8-107 of the NYCAC states, in pertinent part, that it is an unlawful discriminatory practice for an employer to refuse to employ or to discharge from employment any person on the basis of that person's actual or perceived age. NYCAC § 8-107(a)(2).

142.    By the above-alleged conduct, Corporate Defendants terminated Plaintiff and Rule 23 Plaintiffs' employment, at least in part, because of their national origin.

143.    By the above-alleged conduct, Corporate Defendants unlawfully discriminated against Plaintiff and Rule 23 Plaintiffs by discharging them from their employment on the basis of their national origin.

144.    By the above-alleged conduct, Defendants Nader Albahri and Omer Albahri terminated Plaintiff and Rule 23 Plaintiffs' employment.

145.    By the above-alleged conduct, Defendants Nader Albahri and Omer Albahri violated NYCAC § 8-107(6) by aiding and abetting the discriminatory termination of Plaintiff and Rule 23 Plaintiffs on the basis of their national origin.

146.    Defendants Nader Albahri and Omer Albahri acted willfully and either knew that their conduct violated the NYCAC or showed a reckless disregard for whether their conduct violated the NYCAC.

147.    Defendants Nader Albahri and Omer Albahri have not acted in good faith with respect to the conduct alleged herein.

148.    As a result of Defendants Nader Albahri and Omer Albahri's violations of the NYCAC, Plaintiff and Rule 23 Plaintiffs have incurred and will continue to incur harm and loss in an amount to be determined at trial and is entitled to recover from Defendants lost wages, lost employment benefits, lost pension benefits, interest at the prevailing rate, punitive damages, reasonable attorneys' fees, and costs incurred in prosecuting this action. NYCAC § 8-502.

### **JURY DEMAND**

149.    Plaintiff requests a trial by jury on his claims.

## PRAYER FOR RELIEF

150.    **WHEREORE**, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, BOOK LAW LLP, demand judgment against Defendants and in favor of Plaintiff and all other similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all other similarly situated for the nature, extent and duration of the damages, costs of this action, and as follows:

A.    Order the Defendants to file with this Court and furnish to counsel a list of all names and address of all retail clerks who currently work for or who have worked for Defendants within the last six (6) years;

B.    Authorize Plaintiff's counsel to issue a notice at the earliest possible time to all current and former retail clerks employed by Defendants during the six (6) years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and their right to opt into this lawsuit if they worked in excess of forty (40) hours in a week during the liability period, for which they were not paid the FLSA-required overtime;

C.    Authorize Plaintiff to certify his claims under the state law of New York;

D.    Declare and find that Defendants committed one or more of the following acts:

1.    Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated persons who opt into this Action;

2.    Willfully violated overtime provisions of the FLSA;

3.    Violated provisions of the NYLL by filing to pay overtime wages to Plaintiff and Rule 23 Plaintiffs;

4.    Violated provisions of the NYLL by failing to provide Plaintiff and Rule 23 Plaintiffs with accurate wage statements on each pay day;

5.    Willfully violated the applicable provisions of the NYLL;

E.    Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

F.    Award interest on all NYLL claims and other compensation due accruing from the date such amounts were due;

G.    Awards all costs and attorneys' fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL;

H.    Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I.    Provide such further relief as the Court deems just and equitable.

Dated: New York, New York
       July 17, 2023                              Respectfully submitted,

                                                  BOOK LAW, LLP

                                                  *Victoria Spagnolo*

                                                  By: Victoria Spagnolo, Esq.
                                                  *Attorneys for the Plaintiff*
                                                  7 Times Square, 19th Floor
                                                  New York, New York 10036
                                                  Tel: 212-244-0344
                                                  VSpagnolo@BookLawLLP.com