```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ABDELRAHMAN ELMELIGY,                           :
                                                :
                        Plaintiff,              :        MEMORANDUM & ORDER
                                                :        ADOPTING REPORT AND
          -against-                             :        RECOMMENDATION
                                                :        23-cv-5419(DLI)(SJB)
YOLO OUTLET CORP., ISMAIL SALEH,                :
YASER HUMAIDI, NADER ALBAHRI,                   :
OMER ALBAHRI, and ABDELRAHMAN                   :
EL SAIDEI,                                      :
                                                :
                        Defendants.             :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On July 17, 2023, Plaintiff Abdelrahman Elmeligy ("Elmeligy") brought this action against Yolo Outlet Corp., d/b/a Yolo Smoke Shop and Yolo Smoke City ("Yolo Smoke Shop"), Ismail Saleh, Yaser Humaidi, Nader Albahri, Omer Albahri, and Abdelrahman El Saidei ("Individual Defendants," and, together with Yolo Smoke Shop, "Defendants"), none of whom have appeared, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 160–199, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin Code § 8-101 *et seq.* Compl., Dkt. Entry No. 1. Following entries of notations of default against each Defendant, Elmeligy moved for default judgment. Mot. for Default J. ("Mot."), Dkt. Entry No. 17.

The Court referred the motion for default judgment to the Honorable Sanket J. Bulsara, then U.S. Magistrate Judge of this Court, for a Report and Recommendation ("R&R"), which was issued on August 19, 2024. *See*, R&R, Dkt. Entry No. 25. The magistrate judge recommended that Plaintiff's motion be: (1) granted and default judgment entered as to the FLSA, NYLL, and

Wage Theft Prevention Act claims against Yolo Smoke Shop; (2) denied as to the Title VII, NYSHRL, and NYCHRL discrimination claims against Yolo Smoke Shop for failure to state a claim, which, thus, are dismissed; and (3) denied as to all claims against the Individual Defendants with leave to renew. *Id*.

Plaintiff timely objected only to the magistrate judge's recommendation that the Court deny default judgment on his Title VII, NYSHR, and NYCHR claims against Yolo Smoke Shop. *See*, Pl.'s Objs. to R & R ("Objs."), Dkt. Entry No. 31. Defendants neither responded to Plaintiff's objections nor did they object to the R&R. For the reasons set forth below, Plaintiff's objections are overruled, and the R&R is adopted in its entirety.

## LEGAL STANDARD

When a party objects to an R&R, a district judge must make a *de novo* determination with respect to those portions of the R&R to which the party objects. *See*, Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *See also*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party makes only conclusory or general objections, or simply relitigates his original arguments, the Court reviews the [R&R] only for clear error." *Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *See also*, *Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations omitted). On the other hand, the Court of Appeals for the Second Circuit has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise…arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v.*

2

*Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)).  Nonetheless, a court will not "ordinarily…consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016).

Separately, when there is no objection "to a magistrate judge's recommendation, [it] is reviewed, at most, for 'clear error.'" *Barrera v. F & A Rest. Corp.*, 2021 WL 2138875, at *1 (E.D.N.Y. May 25, 2021) (citing Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).  After its review, the district court then may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

## ANALYSIS[1]

The magistrate judge recommends that default judgment on Plaintiff's Title VII, NYSHR, and NYCHR claims (the "discrimination claims") be denied against Yolo Smoke Shop on the ground that Yolo Smoke Shop was not Plaintiff's employer when he was fired on June 19, 2023. R&R at 11-13.  Dismissal of these claims is recommended because an employment relationship is a necessary element of each of these claims. *Id*.

In objecting, Plaintiff does not contend that Yolo Smoke Shop is responsible for Plaintiff's termination on June 19, 2023.  Instead, Plaintiff argues that the magistrate judge erroneously focused on his June 19, 2023 firing, and overlooked Plaintiff's arguments with regard to Plaintiff's earlier termination in or about April 2023 from Yolo Smoke Shop. Objs. at 12.  Plaintiff identifies

---

[1] The Court assumes the parties' familiarity with the facts and circumstances of this case, which are set forth in the R&R.  *See*, R&R at 2-3.

specific allegations in the Complaint concerning the timing of his employment with Yolo Smoke Shop, his replacement with a Yemenite upon the conclusion of his employment there, and derogatory statements regarding his Egyptian origin. *Id.* (citing Compl. at ¶¶ 18, 21, 42, and 41). Plaintiff's arguments are unavailing as they suffer from two fundamental deficiencies, each of which warrants overruling Plaintiff's objections.

First, Plaintiff waived the argument that his April 2023 termination from Yolo Smoke Shop was an adverse employment action by not raising it in his motion for default judgment in the first instance, even though he could have. Plaintiff never argued that his April 2023 termination from Yolo Smoke Shop was an adverse employment action. Mot. at 30. Plaintiff addressed only his June 19, 2023 termination. *Id.* "Plaintiff was subjected to an adverse employment action as he was fired from his position as retail clerk." *Id.* (citing Compl. at ¶ 43, discussing the June 19, 2023 termination). In his objection to the R&R, Plaintiff argues for the first time that his April 2023 termination from Yolo Smoke Shop was an adverse employment action. As discussed above, courts will not consider arguments that could have been presented to the magistrate judge but were not. Therefore, Plaintiff's objection is overruled on this ground.

Second, even if Plaintiff had argued before the magistrate judge that the April 2023 "termination" was an adverse employment action, this contention is unsupported by the complaint's allegations. *See, Said v. SBS Elecs., Inc.*, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010) ("With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action."). By the terms of Plaintiff's own allegations, Defendants did not fire him in April 2023, but rather "transferred" him to Rose II Convenience Store. Compl. at ¶ 22. A transfer, without

4

more, does not constitute an adverse employment action. *See, Littlejohn v. City of New York*, 795 F.3d 297, 312 n.10 (2d Cir. 2015). Thus, Plaintiff provides no basis to conclude that the transfer from Yolo Smoke Shop to Rose II Convenience Store was an adverse employment action and the objection is overruled. Accordingly, the R&R is adopted on this point. As such, the motion for default judgment on the discrimination claims against Yolo Smoke Shop is denied and those claims are dismissed.

The Court has duly considered the balance of the R&R to which Plaintiff did not object and reviewed it for clear error of law and finds none. Consequently, the magistrate judge's remaining recommendations are adopted in their entirety.

## CONCLUSION

For the reasons set forth above, the R&R is adopted in its entirety and Plaintiff's motion for default judgment is granted as to the FLSA, NYLL, and Wage Theft Prevention Act claims against Yolo Smoke Shop and denied as to the Title VII, NYSHRL, and NYCHRL discrimination claims against Yolo Smoke Shop, which are dismissed. The motion also is denied as to all claims against the individual defendants with leave to renew. Accordingly, the Clerk of the Court is directed to enter judgment against Yolo Smoke Shop in the amounts of: (1) $14,145.82 in unpaid overtime wages; (2) $14,145.82 in liquidated damages; (3) $10,000 in Wage Theft Prevention Act damages; (4) pre-judgment interest in the amount of $3.49 per day from September 13, 2022 to the day judgment is entered; and (5) post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961(a).

With respect to the Individual Defendants, the motion for default judgment is denied without prejudice to renew for failure to comply with Local Rule 55.2 as detailed in the R&R. Plaintiff shall file his default judgment motion against the Individual Defendants **BY NO LATER THAN APRIL 4, 2025**, and it must comply with the Court's new Local Rules, made effective July 1, 2024. **Failure to file the motion timely will result in dismissal of the claims against the Individual Defendants.**

SO ORDERED

Dated: Brooklyn, New York
       March 6, 2025

/s/
DORA L. IRIZARRY
United States District Judge